July 2, 2025

Chief Judge Martin Glenn
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

Dear Hon. Glenn,

I am the Debtor in 24-10092-mg under Trustee Gregory Messer. My attorney is Morse Geller, and Kirby Aisner & Curley represents my former spouse, Jo Natauri.

I have not heard from my attorney in some time, as I understand that he is ill. Therefore, I am filing this notice to preserve the rights of the estate, as I understand this matter is on the "eve" of discharge. This notice is the result of items being brought to my attention only in recent weeks. This is a sworn statement.

**Summary**

Mr. Messer has recovered $65,295, and all deadlines for objections have passed with *zero* objections. This Court has approved of the Trustee's compensation and expenses.

I am respectfully asking that the discharge be issued at your earliest convenience while addressing the first point below.

I only recently learned that I am accruing *about $2,500 per month* in tax penalties and interest. This matter has been active for 17 months. This means I have accrued another $40,000 in debt, which cannot be discharged nor addressed as tax agencies will not engage in settlement talks until after the bankruptcy is discharged.

Also, I understand that this Court can recover funds on behalf of creditors despite a discharge. Therefore, I am respectfully making a record in support of the following:

1) Remit the $6,679 child support payment directly to the child support agency (**Exhibit A**)
2) Recover $33,440 for creditors from parties paid 90 days pre-petition (**Exhibit B**)
3) Refund to me $3,721 arising from a post-petition levy for pre-petition debts (**Exhibit C**)
4) Discharge, if possible, *some* tax-related penalties and interest given the 17 month pendency
5) Move for contempt and sanctions for *willful* violations of the automatic stay

During the 341 meeting, I expressed how my bankruptcy resulted from my divorce, especially the judge **Kathleen Waterman-Marshall**. Hon. Waterman-Marshall was recently removed from the matrimonial part with hundreds of cases being immediately reassigned. This followed many complaints and serious allegations of misconduct.

I recently learned Hon. Waterman-Marshall filed for bankruptcy twice, and Mr. Messer was her personal attorney the second time. She also served as counsel to Mr. Messer in other cases.

Given the *irreparable* harm that she caused to my family, I believe it is imperative to ensure that this matter is not influenced by any bias, real or imaginary, or even by the appearance of bias, especially since the allegations have Hon. Waterman-Marshall at their core.

TIKU NATAURI
CH. 7: 24-10092-MG

Here are some prior credible findings about Hon. Waterman-Marshall:

- In April 2022, this Court found that she and counsel violated the stay[1]
- In November 2022, she was removed from a divorce case following a complaint
- In January 2025, she was removed from the matrimonial part following ~50 complaints[2]
- In May 2025, Hon. David Jones found that she and counsel *willfully* violated the stay[3]

In the decision, Hon. Jones made clear that the violation was willful, as even non-dischargeable debts are stayed. He ruled that Hon. Waterman-Marshall and counsel "erred when presuming that the automatic stay does not apply to collection of nondischargeable debts – *it does* …"[4]

The interplay of that decision and this Court's finding in 2022 reveals two judges (Hon. Waterman-Marshall, Hon. Suzanne Adams), three law firms (Teitler & Teitler, Nelson Robinson, Bikel Rosenthal & Schanfield), and the New York State Department of Finance and its collection agencies (Penn Credit Services, I.C. System) willfully violated the stay in my case:

- On January 24, 2024, I filed for bankruptcy. Parties were notified.
    - Later that day, at an *unofficial* appearance, Hon. Waterman-Marshall and Teitler & Teitler (Ms. Natauri's matrimonial counsel) held a contempt hearing.
    - Hon. Waterman-Marshall found me in contempt and set a purge deadline.

- On February 27, 2024, Jonathan Nelson with Nelson Robinson directed me to pay the purge amounts. He said those amounts alleged owed are not protected by the stay. He was the attorney appointed by Hon. Waterman-Marshall to defend me against contempt. He was appointed *after* I was found in contempt.

- On June 10, 2024, Chase Bank levied $3,721 from my account in response to a court order on behalf of the New York City Department of Finance related to tax arrears from 2020.

- On October 7, 2024, I.C. System sent me a $12,019 collection notice on behalf of the New York City Department of Finance (**Exhibit D**). Since then, a related collection agency, Penn Credit Services, has been calling me repeatedly to collect this debt.

- On November 7, 2024, Hon. Suzanne Adams ordered me to pay $18,557 to Karen Rosenthal with Bikel Rosenthal & Schanfield "within 10 days" (**Exhibit E**). Ms. Rosenthal is Hon. Waterman-Marshall's personal attorney. Ms. Rosenthal represented the judge in her own divorce in 2018.

I respectfully seek punitive damages for two reasons. *First*, "punitive damages are proper as a deterrent to those entities who willfully violate the automatic stay provisions, even if actual damages are minimal."[5] These awards would "deter parties *in other cases* who are tempted to play the same game."[6] *Second*, there is incontrovertible proof that attorneys and Hon. Waterman-Marshall knew the law but ignored it.

---

[1] *In re Sanjay Om Tewari*; the matter was discontinued before willfulness was adjudicated.
[2] Open Letter to the Court Administration; https://watermanwatch.substack.com/p/open-letter-to-the-new-york-court
[3] *In William Curtis Wood*
[4] Emphasis added.
[5] *In re Lile*
[6] Emphasis added; *In re GGSI Liquidation Inc.*

TIKU NATAURI
CH. 7: 24-10092-MG

## **Argument**

### Blank Rome *Knew* the Law & Ignored It

One of the Blank Rome attorneys who violated the stay in 2022 was Brett Ward. The record is clear by emails, transcripts, and Blank Rome's papers that he not only disregarded the stay but tried to recast civil contempt into criminal contempt to bypass the stay and imprison the debtor.

In a different case, Hon. Ariel Chesler found a litigant in civil contempt in 2024:

> **WHEREAS**, the Court having orally rendered its decision on the record in open court on April 18, 2024, and having found, pursuant to Judiciary Law Section 753 (3), Plaintiff guilty of civil contempt of court for the willful non-compliance of the Parties Separation Agreement, dated March 26, 2021, specifically, for her failure to pay the Hebrew School tuition in the amount of $2,437.50 and for removing funds from her TIAA CREF retirement account accruing in arrears of approximately $155, 137.45, plus interest; and

The litigant filed for bankruptcy.

Despite knowing (i) the determination was for *only* civil contempt and (ii) having been found by this Court to have violated the stay, Mr. Ward repeated the same behavior. He tried to recast civil contempt into criminal contempt to bypass the stay and imprison the debtor:

> Thank you Ms. Farinha:
>  At the outset, I want to make clear that by writing this email, I simply seek to provide the Court with my understanding of the law and its applicability to the pending proceedings.  I am in no way seeking any form of relief against the debtor or her property as I respect any applicable stay from the bankruptcy proceeding.
>  My understanding of the law is that upon filing for Chapter 13 protection, an automatic stay is in place in the bankruptcy proceeding which prohibits any creditor from seeking relief against the debtor's property.  It is further my understanding that while this stay would likely apply to a finding of civil contempt, it specifically would not stay a finding of criminal contempt.  See, *In Re Maloney*, 204 B.R 671 (Bankr. E.D.N.Y 1996).  As the *Maloney* decision makes clear, criminal contempt is to protect the integrity of the court and compel respect for court orders.
>  Here, there can be little question that Dr. Corben was held in criminal contempt.  This Court, on the record, noted Dr. Corben's violations of the court's orders when sentencing Dr. Corben.  Moreover, Dr. Corben's recent Order to Show Cause further evinced this fact by repeatedly noting the "criminal" penalties Dr. Corben faced by the Court's finding of contempt.
>  Thus, it certainly appears this Court is correct that there is no stay of the criminal contempt finding and order of commitment (which we believe Dr. Corben violated by not reporting to prison this weekend and instead finishing up a personal trip to Washington DC).
>
> **Brett S. Ward | BLANKROME**
> 1271 Avenue of the Americas | New York, NY 10020
> O: 212.885.5394 | F: 917.332.3809 | bward@blankrome.com

**Blank Rome did not file a response to the alleged violation of the stay, nor did they appear at the hearing. Blank Rome *knew* the law, they *knew* their actions were wrong at the time they acted, and they ignored it.**

Blank Rome's actions are as troubling as they are apparent once everything is revealed. Hon. Waterman-Marshall's actions are just as troubling, apparent, and punitive once all is revealed.

Tiku Natauri
Ch. 7: 24-10092-MG

## Hon. Waterman-Marshall *Knew* the Law & Ignored It

In summary, Hon. Waterman-Marshall:

- Filed for personal bankruptcy twice.
- Has been a judge for almost a decade.
- Has been teaching law for almost a decade.
- Practiced as an attorney for almost two decades before becoming a judge.
- Litigated multiple bankruptcy cases.

The only item missing from her resume that would make her any more qualified is if she had served as a federal bankruptcy judge. Because she represented Mr. Messer, in his role as Trustee, in one bankruptcy proceeding:

> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF NEW YORK
> --------------------------------------------------------------X
> XIAO LING WENG,                                       :
>
>                     Plaintiff,        :        Case Number: 07 CV 1260
>                                                            (NGG)
>            - against -                   :
>
> PETER Q. WARRINER, M.D.,            :
>
>                     Defendant.          :
> --------------------------------------------------------------X
>
>           **NOTICE OF MOTION TO SUBSTITUTE GREGORY MESSER,**
>       **TRUSTEE OF THE ESTATE OF XIAO LING WENG, AS PLAINTIFF**
>
>           **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Kathleen C.
> Waterman, Esq., dated September 22, 2008, and the Exhibits annexed thereto, Plaintiff will
> move before the Hon. Nicholas Garaufis, at the Courthouse of the United States District Court,
> Eastern District of New York, located at , on October 22, 2008 at 10:00 a.m. for an order:

*And notably*, she argued against an alleged violation of the stay in another bankruptcy matter:

> UNITED STATES BANKRUPTCY COURT
> SOUTHERN DISTRICT OF NEW YORK
> --------------------------------------------------------------X
>                                                              :
> In Re: CHENOCEAUX, INC.,                        Case No. 09-22912 (RDD)
>                                                              :
>                     Debtor.                   :
>                                                              :
> --------------------------------------------------------------X
>
>           **AFFIDAVIT IN OPPOSITION TO DEBTOR'S MOTION TO HOLD**
>       **M. SLAVIN & SONS, LTD. IN CONTEMPT OF THE AUTOMATIC STAY**
>                 **AND TO EXTEND THE AUTOMATIC STAY**
>
>           KATHLEEN C. WATERMAN, duly affirms under the penalty of perjury:
>
>           1.       I am an attorney duly admitted to the practice of law in the Courts of the
> State of New York and the Southern and Eastern Districts of the United States District Court. 1

**Therefore, even before this Court's ruling in 2022, Hon. Waterman-Marshall *knew* the law, she *knew* her actions were wrong at the time she acted, and she ignored it.**

Even if it is assumed that Hon. Waterman-Marshall did not know the law prior to 2022, then she certainly knew the law after this Court's decision. Therefore, she knew by January 2024 that her actions – to hold me in contempt, to set a purge deadline, and to enforce collection *after* the bankruptcy petition – violated the law. And again, she knew that her actions in November 2024 – to hold Dr. Wood in contempt, to set a purge deadline, and to enforce collection *after* the bankruptcy petition – violated the law.

I believe her acts across these three cases – Dr. Tewari, Dr. Wood, and this matter – were punitive. Dr. Wood's attorney, Dawn Kirby with Kirby Aisner & Curley, also argued the same:[7]

> The award [by Hon. Waterman-Marshall against the Debtor] is not in the nature of "alimony, maintenance or support", instead *it was a punitive award* against the Debtor for his alleged frivolous conduct in prolonging the Matrimonial Action.

### **More Alleged Punitive Acts in the Matrimonial Part**

This punitive tendency, like disregarding black-letter law, is seen across Hon. Waterman-Marshall's matrimonial cases as well. Many litigants, including myself, filed complaints against her. It is reported that the Commission on Judicial Conduct received about 50 complaints about her.[8] Last summer, NBC reported on those allegations.[9]

The key allegation is she did whatever it took on behalf of the more powerful litigant/law firm and used the record to cover it up. It is reported that across 50 cases and about 450 findings, she ruled against the less powerful litigant almost 100% of the time.[10]

Recall the complaint in November 2022 that saw the judge get reassigned, it alleged that she had cooperated with counsel to prejudice the *pro se* litigant. One of the adversarial parties in that case is a Cardozo graduate. Hon. Waterman-Marshall is a Cardozo alumna. Mr. Ward is a Cardozo graduate. These three attorneys, who I allege violated the stay in my case, are Cardozo alumni:

- Jaime Weiss, Teitler & Teitler
- Jonathan Nelson, Nelson Robinson
- Karen Rosenthal, Bikel Rosenthal & Schanfield

The most troubling complaint detailed how she deprived ten unrepresented litigants of their right to counsel when facing contempt (**Exhibit F**).[11] Cardozo alumni are adversarial in six of the ten cases. Dr. Tewari, Dr. Wood and I are three of those ten cases.

---

[7] Emphasis added; *In William Curtis Wood*, ECF 19 at ¶29

[8] Open Letter to the Court Administration; https://watermanwatch.substack.com/p/open-letter-to-the-new-york-court

[9] Claims of judicial misconduct (https://www.nbcnewyork.com/news/claims-of-judicial-misconduct/5699790/) and Uncovering claims of judicial misconduct (https://www.nbcnewyork.com/news/uncovering-claims-of-judicial-misconduct-in-new-york/5722499/)

[10] Complaint: Favoritism to Wealthy Parties; https://watermanwatch.substack.com/p/complaint-re-significant-favoritism

[11] Seven of the ten litigants are anonymized into names of colors, i.e., red, orange, etc.

TIKU NATAURI
CH. 7: 24-10092-MG

The right to counsel when facing contempt is afforded by the Sixth Amendment of the United States Constitution and the New York State Constitution. Specifically, when an unrepresented party *first* appears to face allegations of contempt, a series of due process notices are required to be made at the *start* of the hearing. The judge must advise parties of their right to counsel, of their right to an adjournment, and of their right to receive appointed counsel. If the litigant wishes to proceed without counsel, the judge must advise them of the risks of going *pro se*. The judge must get an explicit waiver of the right to counsel if the party still wishes to proceed *pro se*.[12]

The record across those ten cases does not reveal a single instance when Hon. Waterman-Marshall adhered to due process. She never advised the unrepresented parties of their right to counsel. Litigants never waived their right to counsel. Instead, Hon. Waterman-Marshall forced litigants to proceed without counsel. In some instances, when litigants asked for counsel, she denied it. In two instances, litigants were incarcerated immediately on the spot without warning and without legal representation.

Here is due process executed properly at the start of the appearance by a different judge:

```
        THE COURT:  Okay.  Service is complete and issue
is joined.  Okay.
        The next thing that we need to address, ma'am, is
that you have the right to be represented by an attorney in
this case.  You have three choices about how to proceed
with regard to counsel.  Option number one is you can hire
any attorney that you choose at your own expense.  Option
two is that you can ask this Court to appoint an attorney
for you if you cannot afford your own.  And option three is
you can waive your right to an attorney and speak to the
Court directly without the benefit of an attorney's
assistance.  Do you understand your three options, ma'am?
        ███████████:  I do.
        THE COURT:  And which of those options would you
like to select?
        ███████████:  As of right now, I'm not able to
afford an attorney.  Is there some sort of --
        THE COURT:  Are you asking the Court to appoint
an attorney for you?
        ███████████:  Yes, please.
        THE COURT:  How do you support yourself
financially?
```

---

[12] Self-Representation: A Right To Be Reckoned With; https://www.law.com/newyorklawjournal/2024/07/26/self-representation-a-right-to-be-reckoned-with/

TIKU NATAURI
CH. 7: 24-10092-MG

Here are three more examples that further highlight Hon. Waterman-Marshall's troubling behavior.

As mentioned earlier, she was removed from a case in November 2022. The unrepresented party lodged a complaint with the administration after she had allegedly worked in concert with counsel to prejudice his rights.

The public record reflects the reassignment:

| 11/29/2022 | | Motion-Order to Show Cause (Returnable) | No | Administrative - No Appearance Required | Adjourned | Katz, Hon. Michael L. | REASSIGNED | 9 |
| 11/23/2022 | 10:00 AM | Conference-Status | No | None | Held | Waterman-Marshall, Hon. Kathleen C. Remote Conference Part | REMOTE CONFERENCE PART - VIRTUAL CONFERENCE ROOM | |
| 11/23/2022 | 10:00 AM | Motion-Order to Show Cause (Returnable) | No | None | Rescheduled | Waterman-Marshall, Hon. Kathleen C. 09M | VIRTUAL COURTROOM | 8 |
| 11/23/2022 | 10:00 AM | Motion-Order to Show Cause (Returnable) | No | Administrative - No Appearance Required | Rescheduled | Waterman-Marshall, Hon. Kathleen C. 09M | ORAL ARGUMENT VIA MICROSOFT TEAMS - NO PERSONAL APPEARANCE | 9 |
| 09/12/2022 | | Conference-Status | No | None | Held | Waterman-Marshall, Hon. Kathleen C. Remote Conference Part | REMOTE CONFERENCE PART - VIRTUAL COURTROOM - SETTLEMENT CONFERENCE | |

Yet in 2024, with a single conclusory sentence, she denied that this had occurred:



*Removal in Unrelated Matter*:       This jurist has not been removed from a matter in 2022, as ███████ contends, or at any other time.

In March 2022, I lost consciousness and suffered a concussion after falling down the stairs at the Columbus Circle subway station. This was during the morning rush hour, hundreds of people were in the area. The emergency room records note the physical injury to my head, and the first page shows three CT scans while stating in bold, "Diagnosis: head injuries, initial encounter:"



Teitler & Teitler, Ms. Natauri's counsel, subpoenaed camera footage. It shows paramedics taking me via stretcher to the ambulance. They did *not* provide this camera footage to court. Tellingly, Hon. Waterman-Marshall never asked again about the camera footage.

Instead, Hon. Waterman-Marshall used a single conclusory sentence that the hospital paperwork "doesn't have any diagnosis" and ultimately declared my injury to be "manufactured."

## Conclusion

Respectfully, I hope this is sufficient to issue the $6,679 payment directly to the child support agency and issue the discharge. Thereafter, I am hopeful this Court will entertain my other reliefs to maximize recovery for the estate.

I believe the following is relevant for the open issues alleged, especially since the standard should be higher for a judge:

> "[T]he obligation of an attorney to be candid with the Court is a particularly important one. The Court relies on attorneys being candid. If the Court had to put an attorney under penalty-of-perjury oath every time he came inside the bar, the administration of justice would come to a grinding halt. The Court does not have the time or resources to double-check the representations of attorneys – to make sure they are not trying to sneak-one-past the Court. There must be the baseline assumption that the attorney is not trying to dupe the Court.
>
> In addition, this is a self-regulating profession. Attorneys are expected to embrace the *highest* standard for their behavior to preserve the integrity of the profession. The standard of acceptable behavior is never whatever 'just skates under' the threshold for perjury."[13]

Bankruptcies are already complex and emotionally, mentally, and physically stressful matters. Bankruptcies alongside active divorce proceedings are even more complex and demanding. Bankruptcies, active divorce proceedings, and alleged manipulation by matrimonial judges and attorneys, who are entrusted to be faithful to the facts and the law, are unbearable. That results in even more *irreparable* harm to already aggrieved parties.

Thank you for your time. All rights and remedies are expressly reserved.

Respectfully submitted,
Tiku Natauri

I affirm this 2nd day of July 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

*/s/ Tiku Natauri*
TIKU NATAURI

---

[13] *In re Reed*

# EXHIBIT A

TIKU NATAURI
CH. 7: 24-10092-MG

## **Child Support Payments**

Summary: The $6,679.30 payment reserved for Ms. Natauri is a priority child support payment. Pursuant to the state court order, it *must* be paid directly to the NYS Child Support Processing Unit. I should not be prejudiced by the failure to notify the child support agency of my bankruptcy. By remitting the payment directly to the agency, there will be no prejudice to Ms. Natauri since she will receive the funds. But, by paying Ms. Natauri directly, there will be significant prejudice to me, as the child support agency is unable to retroactively credit it as a child support payment.

Details: On April 30, 2025, the Trustee confirmed for the first time that he would pay Ms. Natauri directly. In response, I contacted the NYS Child Support Processing Unit. I was made aware that they were *not* informed of my bankruptcy until my outreach. They informed me that regulations require notification and were surprised that the government did not notify them:[1]

> For individual bankruptcy cases in which there is a claim for a domestic support obligation, 11 U.S.C. § 704(10) and 11 U.S.C. § 1302(b)(6) require the chapter 7 or chapter 13 trustee to provide written notice (with certain required information) (1) to the holder of the domestic support obligation claim and (2) to the applicable State Child Support Enforcement Agency established by §§ 464 and 466 of the Social Security Act.

This means the agency was unable to file a "proof of claim." They stated that they are the party, not Ms. Natauri, to lay claim. I do not know why the agency was not notified nor why Ms. Natauri filed a claim knowing that the divorce court order directed otherwise.

There is a simple solution. The payment should be sent to the address below with "account PC53807W1" noted on the check:

NYS Child Support Processing Unit
P.O. Box 15363
Albany, NY 12212-5363

By remitting the payment directly to the agency, there will be no prejudice to Ms. Natauri since she will receive the funds. But if the payment will be made to Ms. Natauri directly, I have no choice but to vehemently object for many reasons, especially since it resulted from the failure to notify the child support agency. In summary:

- There will be significant prejudice to me, as the agency is unable to retroactively credit any direct payment as child support payments.
- There were no child support arrears as of my bankruptcy filing. I testified during the 341 hearing that Ms. Natauri has a credit balance.[2]
- As of May 2025, the child support obligations owed are $3,230.00.[3]

Also, in my bankruptcy filing, I noted that there were many possible claims against Ms. Natauri.

---

[1] https://www.justice.gov/ust/state-domestic-support-enforcement-agencies
[2] Enclosed; statement dated April 19, 2024, showing a credit of $(646.00). This is three months after my petition.
[3] Enclosed; statement dated May 28, 2025.

TIKU NATAURI
CH. 7: 24-10092-MG

Here is one such example: the *knowingly* fraudulent medical expenses check:



In March 2022, Ms. Natauri presented a *picture* of a check, purported from November 2021, as proof to Hon. Waterman-Marshall that she had reimbursed me $8,442. Ms. Natauri and her attorneys, Teitler & Teitler, knew when they presented this "evidence" that it was fraudulent because I have never received these funds.

Ms. Natauri and Teitler & Teitler did not provide a bank statement showing confirmation of payment because they knew I never received these funds.

This check is sitting on Ms. Natauri's kitchen counter. You can immediately verify that this check is knowingly fraudulent in four ways:

- This is a sworn statement.
- The Trustee possesses all my bank statements from 2021; there is no deposit.
- Direct Ms. Natauri to provide her bank statement showing this check was cashed.
- Direct the bank to confirm that this check was cashed.[4]

Ms. Natauri should not be rewarded with $6,679.30 while knowing she failed to pay me $8,442.

---

[4] My former spouse and I used the same bank pre and post-divorce. Mr. Arroyo (jaime.arroyo@jpmorgan.com) can confirm, if directed by court, that this check has not been cashed.

# EXHIBIT B

### Pre-Petition Credit Card Payments

In the 90 days prior to my petition, I paid $33,440 to the following credit card companies.

- American Express      13,186      Bank of America      8,831
- Barclays Bank         5,868       Chase Bank           4,765
- Discover              790

These were noted on my petition. I understand that the Trustee can clawback payments made within 90 days of the petition.

Given the accrual of almost $40,000 in additional tax related penalties and interest during the 17-month pendency of the bankruptcy matter, I respectfully ask to recover these "preferential payments" on behalf of priority creditors.

This would yield an additional 50% recovery bringing the total to almost $100,000 on behalf of priority creditors.

# EXHIBIT C

TIKU NATAURI
CH. 7: 24-10092-MG

### **Improper Post-Petition Tax Collection**

Please refund to me $3,721 that was improperly levied against my checking account. This was a post-petition collection of a pre-petition debt related to my 2020 New York State income tax. I had to use exempt funds to offset this levy.

On June 10, 2024, Chase deducted – without any notice to me – $3,721.34 on behalf of New York State Department of Finance.



| 06/10 | Coal-24May24-2355 | -3,721.34 | 6,931.19 |

When I called the legal department at Chase, they indicated they received a court notice on behalf of the New York State Department of Finance. They had to comply with it.

It was a court order related to a partial collection on my 2020 income taxes. It is listed as a "COAL" transaction, which stands for "court ordered action/levy."

# EXHIBIT D

## System

**ACCOUNT SUMMARY**

| Creditor: | NYC Department of Finance |
|---|---|
| Account No.: | 0000790934 |
| Tax Warrant No: | See reverse side |
| I.C. System Reference No.: | 367518850-1-79 |

# COLLECTION NOTICE

**BALANCE DUE:** **$12,019.08**

10/7/2024

Tiku Natauri:

The New York City Department of Finance (Department of Finance) has issued and docketed a tax warrant judgment(s) against you. The Department of Finance has placed your account with I.C. System, a national collection agency, in order to assist you in resolving your tax warrant judgment(s). I.C. System is eager to work with you to resolve this matter. Please see the reverse side for all your payment options.

Because interest on the tax warrant judgment(s) accrues until paid in full, the amount due on the day you make payment may be greater than the "balance due" amount listed above. Therefore, if you pay the balance shown in the account summary, an adjustment may be necessary, in which case we will inform you of any remaining balance after payment is received. If you have questions about the amount you owe, please call us at 833-887-6673.

Please tear off the bottom portion of this letter and return it with your payment or use other available options.

Sincerely,
Barbara Miller

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. Any writing which disputes the validity of the debt or any portion thereof or any writing requesting the name and address of the original creditor should be sent to: IC System, PO Box 64378, St. Paul, MN 55164-0378.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

NOTICE PURSUANT TO SECTION 1.2 (a) OF THE REGULATIONS OF THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES Within 5 days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, provide the consumer clear and conspicuous written notification of the following: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

New York City Department of Consumer and Worker Protection No. 0908324-DCA and 1266437-DCA

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378



**YOU HAVE OPTIONS**

🔘 For questions or payment please go to: http://nyc.gov/citypay

✉️ Mail check or money order payable to NYC Department of Finance with coupon below

☎️ Call Toll-Free at 833-887-6673

*See reverse side for important information*

P.O. Box 64437
St. Paul, MN 55164-0437
Electronic Service Requested

**BALANCE DUE:** **$12,019.08**

**Account No.:** 0000790934

☐ Address Changed?
STREET _____
CITY _____ STATE _____ ZIP _____
Billing Phone Number _____

🔘 Pay Online at http://nyc.gov/citypay

✉️ MAKE CHECK OR MONEY ORDER PAYABLE TO:

TIKU NATAURI
240 CENTRAL PARK S APT 123
NEW YORK NY 10019-1457

NYC DEPARTMENT OF FINANCE
PO BOX 2307 PECK SLIP STATION
NEW YORK NY 10272-2307

**Tax Warrant Numbers:  See reverse side**

ACCOUNT DETAIL

TIKU NATAURI

I.C. System Reference No.: 367518850-1-79

System

| Tax Warrant Number | Tax Period | Tax Type | Tax Amount | Interest | Penalty | Amount Due |
|---|---|---|---|---|---|---|
| 0709185920 | 2020-12-31 | UBTI - UBT - Individual | $0.00 | $975.60 | $0.00 | $975.60 |
| 1575095680 | 2021-12-31 | UBTI - UBT - Individual | $73,101.00 | $23,000.80 | $30,687.40 | $126,789.20 |
| 1361292160 | 2022-12-31 | UBTI - UBT - Individual | $67,319.00 | $12,949.40 | $21,205.80 | $101,474.20 |
| 0872632384 | 2023-12-31 | UBTI - UBT - Individual | $10,243.80 | $591.60 | $307.20 | $11,142.60 |

| Total | | | | | | $12,019.08 |

You may communicate with us verbally in a language other than English by calling IC System at 833-887-6673 to access Language Link, an interpreter of more than 240 languages and dialects. You may also request a translation of written communications into Spanish by calling IC System at 833-887-6673. A translation and description of commonly-used debt collection terms is available in multiple language on the Department's website at www.nyc.gov/dca

You may request this letter in an alternative, reasonably accommodatable format, such as large print, by calling 833-887-6673.

Payment Options:  You may remit payment using the attached coupon directly to the NYC Department of Finance. Payment can also be made online at nyc.gov/OCAquickpay.

If you wish to enter into a business tax payment plan agreement, please visit the New York City Department of Finance business tax payment plan website at eServices; www.eServices.dof.gov for detailed information on the various payment plan options and requirements.  All business tax payment plan agreements are entered into directly with the Department of Finance.

PAY ONLINE: Access the Department of Finance website at www.nyc.gov/citypay and follow the instructions. Payment can be made by e-check, credit, or debit card. There is a small service fee per transaction for credit and debit card payments.

If you are a corporation making an electronic check (e-Check)/ACH payment: Please contact your banking institution to provide them with the appropriate ACH company ID (6136400434) and name (New York City Department of Finance) to allow for the removal of any ACH debit block which may affect the processing of your payment.

Please note that if your payment is returned unpaid by your bank, the Department of Finance may send you a bill for the amount due, which may include additional charges, such as penalties and interest. Assistance for the hearing impaired: TTY 212-504-4115

Obtaining Additional Judgment Information
The Department of Finance's online e-Services portal can be accessed by the CityPay website at: www.nyc.gov/citypay. The portal can be used to view outstanding tax balances, obtain additional details, and submit inquiries directly to the Department of Finance. Furthermore, the Department of Finance's Collection Department can be contacted at 212-440-5300, option 3 if additional assistance is still needed.

Tax Warrant Numbers:

0709185920
1575095680
1361292160
0872632384

# EXHIBIT E

Court: ___Supreme_____

County: ___New York_____

-----------------------------------

X

**Title of Action/Proceeding**

Jyothsna Natauri
_____

Tiku Natauri
_____

-----------------------------------

X

**Name of Judge:** ___Mattew F. Cooper_____:

**ORDER APPROVING
LAW GUARDIAN
COMPENSATION**

**INDEX NO.** ___308046___ / ___2018___
*No.     Yr.*

**Upon the order of this Court, dated** ___September 28___, **201**8 **appointing as Law Guardian:**

**Name:** ___Karen B. Rosenthal_____

**Address:** ___Bikel Rosenthal & Schanfield, LLP___

___18 East 48th Street - Suite 1001___

___New York, NY 10017___

**Phone/FAX:** ___(212) 682-6222_____/_____

**Email:** ___karen@brsmatlaw.com_____,

**and upon his/her affirmation of services, dated** ___June_____, 20**23**, **it is**

**ORDERED that the Law Guardian's compensation is approved in the amount of** $___277,967.79_____, **plus disbursements in the amount of** $___3,182.59____, **for a total of** $___281,150.38_____;

**ORDERED that the parties shall be liable for the approved compensation and reimbursement for disbursements in the following percentages:**

**Plaintiff/Petitioner** ___70__% **for a total of** $___215,487.21____,

**Defendant/Respondent** __30_% **for a total of** $___73,663.17____;

**ORDERED** that the foregoing percentages are *(Mark "X" in box (a) **OR** (b))*

    a. ☒ as established by the order of appointment;

    b. ☐ as otherwise determined by the Court;

**ORDERED** that *(Enter "None" if no credit is given.)*

    a. **Plaintiff/Petitioner** is credited $ _215,487.21_ for payments made;

    b. **Defendant/Respondent** is credited $ _73,663.17_ for payments made;

**ORDERED** that within 10 days of service of a copy of this order *(Mark "X" in appropriate box(es), and enter dollar amount for item(s) marked.)*

    a. ☐ Plaintiff/Petitioner shall pay Law Guardian    $ _N/A_

    b. ☒ Defendant/Respondent shall pay Law Guardian    $ _18,557.48_ *

    c. ☐ Law Guardian shall pay Plaintiff/Petitioner    $ _N/A_

    d. ☐ Law Guardian shall pay Defendant/Respondent    $ _N/A_

**DATED:** _11/7/2024_

\* I have received a money judgment for said amount against the Defendant.

Hon. ~~Suzanne~~ J. Adams
For Judge Kathleen C. Waterman Marshall

**Attorney for Plaintiff/Petitioner:**

Name: _Teitler & Teitler, LLP_

Address: _230 Park Ave., Suite 2200_

_New York, NY 10169_

Phone/FAX: _(212) 930-2607_

Email: _jlweiss@teitler.com_

**Attorney for Defendant/Respondent::**

Original Attorney

Name: _Blank Rome LLP_

Address: _405 Lexington Avenue_

_New York, NY 10174_

Phone/FAX: _(212) 885-5133_

Email: _ckraussbrowne@blankrome.com_

| Court: Supreme | **AFFIRMATION OF SERVICES** |
|---|---|
| County: New York | **FOR** |
| | **PRIVATELY PAID** |
| | **LAW GUARDIAN** |

---------------------------------X

**Title of Action**

Jyothsna Natauri

Tiku Natauri

---------------------------------X

| COMPENSATION FOR PERIOD: |
|---|
| 8/28/2018  to  11/2020 |
| Mo  Day  Yr     Mo  Day  Yr |

INDEX NO.   308046 , 2018
            No.      Yr.

State of New York      )
                       ) ss:
County of  New York    )

Karen B. Rosenthal
_____ affirms under penalties of perjury:
        *Name of Appointee*

1. By order of this Court (Hon. Matthew F. Cooper, dated September 28 , 20, 18
I was appointed Law Guardian for the following child(ren) of the parties :[1]

| Name(s) of child(ren): | Rohan, Blake and Kelan |
|---|---|
| | *(1)* |

2. During my period of service, this action/proceeding was *(Choose one by marking "X" in box)*:

[X] contested **OR** [ ] not contested *(2)*

---

[1]Text boxes are key-numbered *(###)* to items on UCS 875 (Statement of Approval of Compensation).

3. The nature of the services provided is evidenced by my time records, attached as Exhibit A, which itemize and total my charges, plus disbursements, and separately itemize and total all payments received from each party;

4. Compensation, excluding disbursements, is requested for:

   a. the hours spent during the current period (see Exhibit A):

   | 542.66 | (14) |
   |---|---|
   | *Number of Hours* | |

   b. at the hourly rate of:
   (Attach, as Exhibit B, a copy of the order of appointment fixing hourly rate.)

   $ 475.00 per hour

   c. for total compensation² of:

   | 277,967.79 | (15) |
   |---|---|
   | *Total Compensation* | |

5. I request reimbursement for disbursements in the amount of: $ 3,182.59

WHEREFORE, I respectfully request that the Court grant fair and reasonable compensation, plus reimbursement for disbursements, for a total award of: $ 281,150.38

DATED: 12/30/23

Signature: *Karen B. Rosenthal*

Print Name: Karen B. Rosenthal

Address: Bikel Rosenthal & Schanfield, LLP
18 East 48th Street - Suite 1001
New York, NY 10017

Phone/FAX: (212) 682-6222

Email: karen@brsmatlaw.com

---

²Compensation, *excluding disbursements*, is the amount to be entered in item 15 of UCS 875 (Statement of Approval of Compensation).

FILED: NEW YORK COUNTY CLERK 11/27/2024 03:46 PM
NYSCEF DOC. NO.: 1072
INDEX NO. 308046/2018
RECEIVED NYSCEF: 11/27/2024
24-10092-mg    Doc 55    Filed 07/02/25    Entered 07/02/25 15:28:19    Main Document
Pg 24 of 32



### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK
**One Bowling Green**
**New York, NY 10004–1408**

| | |
|---|---|
| IN RE: Tiku Govino Natauri | CASE NO.: 24–10092–mg |
| Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–7573 | CHAPTER: 7 |
| | TRUSTEE: |
| | Gregory M. Messer<br>Law Offices of Gregory Messer, PLLC<br>26 Court Street<br>Suite 2400<br>Brooklyn, NY 11242 |
| | Telephone: (718) 858–1474 |

### NOTICE OF POSSIBLE PAYMENT OF DIVIDENDS
### AND OF LAST DATE TO FILE CLAIMS

To the creditors of the above named debtor:

As a result of the administration of the debtor's estate, a dividend to creditors now appears possible. You are hereby advised of the opportunity to file a claim in order to share in any distribution. A creditor must file a Proof of Claim whether or not the debt is included in the list of creditors filed by the debtor.

The Proof of Claim must be filed on or before July 12, 2024.

Please take further notice that if you have a Proof of Claim on file or one has been filed on your behalf, do not file again.

A Proof of Claim form has not been included with this notice but one is available online at www.uscourts.gov and on the court's website, www.nysb.uscourts.gov. All Proofs of Claim must be filed electronically on the Court's website or mailed to the court at the above address.

Dated: April 9, 2024

Vito Genna
Clerk of the Court

001773

20207001774019

Fill in this information to identify the case:

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

## Official Form 410

# Proof of Claim
04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers **must** leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____

Number       Street _____

City                State            ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number       Street _____

City                State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

FILED: NEW YORK COUNTY CLERK 11/27/2024 03:46 PM
NYSCEF DOC. NO. 1072

INDEX NO. 308046/2018

RECEIVED NYSCEF: 11/27/2024

24-10092-mg    Doc 55    Filed 07/02/25    Entered 07/02/25 15:28:19    Main Document
Pg 26 of 32

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**   $_____. **Does this amount include interest or other charges?**

☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes. Identify the property: _____

Official Form 410 · · · Proof of Claim · · · page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. Check one:

    **Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
    MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name _____
    First name    Middle name    Last name

Title _____

Company _____
    Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
    Number    Street

_____
    City    State    ZIP Code

Contact phone _____    Email _____

---

# EXHIBIT F

### The Deprivation of Counsel, Wrongful Incarceration & Violations of the Bankruptcy Stay

Judge Waterman manufactures contempt to wrongfully incarcerate parties. Judge Waterman "sets the trap," i.e., *first* directing parties to pay amounts that she knows they cannot afford *then* depriving them of counsel to defend their inability to pay. After parties fail to pay the amounts ordered, Judge Waterman finds them in contempt, leading to their inevitable incarceration.

New York has established that parties have a constitutional right to counsel when facing child custody (*see Matter of Pugh v Pugh*) or contempt matters (*see Matter of Worsdale v Holowchak* and *Matter of Goodine v Evans*). So fundamental is this right that the Court of Appeals and Appellate Courts reverse the trial court and order a *de novo* hearing when a party is deprived of this right.

When the parties *first* appear to face contempt, Judge Waterman fails to make the mandated disclosures. She does not conduct a "search inquiry."[1] She does not advise them of their right to counsel or their right for an adjournment to confer with counsel. She does not advise them of their right to have counsel appointed to them or the dangers of proceeding without counsel. She does not obtain a waiver of their right to counsel. Instead, Judge Waterman actively denies them counsel, advancing the contempt proceeding forward forcing them to defend themselves.

The parties (below) who were denied counsel are all unrepresented fathers.[2] *This is concerning because Judge Waterman was removed from a case in November 2022 for improper conduct against a pro se father*:

███████████████████████████████████████████

- 308046/2018 Jyothsna Natauri vs. Tiku Natauri
- 365159/2020 William Wood v. Tamara Fox

███████████████████████████████████████████

- 365297/2021 Geeta Kohli vs. Sanjay Tewari

███████████████████████████████████████████

By April 2022, the trap has been set to find **Dr. Tewari** in contempt. Judge Waterman had ordered him to pay amounts that she knows he cannot afford. Judge Waterman finds Dr. Tewari in contempt and sets a purge condition. Dr. Tewari files for bankruptcy protection. **Judge Waterman, ignoring the bankruptcy stay, issues a warrant for Dr. Tewari's arrest**. The federal bankruptcy court determines that Judge Waterman and counsel violated the bankruptcy stay by issuing the arrest warrant and continuing enforcement actions.

By May 2023, the traps have been set to find **Mr. Green** and **Mr. Red** in contempt. Judge Waterman had ordered them to pay amounts that she knows they cannot afford.

In June 2023, counsel moves to find Mr. Green in contempt. Mr. Green attends two contempt hearings and makes a clear record that he cannot afford these amounts.

---

[1] *See* Example of a "Search Inquiry," dated December 27, 2024.
[2] Those parties without a bankruptcy action have been anonymized into names of colors.

In July 2023, Judge Waterman sets another trap. She orders **Mr. Blue** to pay amounts that she knows he cannot afford. He had communicated before to Judge Waterman that he had lost his job.

In August 2023, Mr. Red attends two contempt hearings. Court clerk Sakina McIntosh conducts the first one while court clerk Madeleine Robinson conducts the second one.  Neither clerk advises Mr. Red of his right to counsel. Ms. McIntosh tells him "You better come up with some money, this Judge will throw you in Rikers!" At the second hearing, Mr. Red asks for counsel. Ms. Robinson tells him "We don't do that." Three Officers of the Court stay silent on Mr. Red's right to counsel. Believing the clerks to be truthful, Mr. Red does not raise the issue again. Also this month, counsel moves to find Mr. Blue in contempt. He asks Ms. Robinson for counsel. Ms. Robinson does not provide him with counsel or advise him of this right to counsel.

In September 2023, Mr. Blue attends the first contempt hearing. Judge Waterman does not advise him of his right to counsel. Mr. Blue tells her that he has no job, no money and no attorney. He requests counsel multiple times. She says he is not entitled to counsel. She says she can incarcerate him "for up to six months" without counsel and to research case law on his own.

In October 2023, Dr. Tewari attends a previously scheduled financial conference. Judge Waterman knows, but does not disclose, that she will conduct a contempt hearing. She prearranged for arresting officers to be present. **Dr. Tewari is immediately arrested.** He says I do not have an attorney. He says this is unconstitutional. Judge Waterman commits him to 100-days at Rikers Island. Also this month, **Mr. Natauri** advises the court administration that Judge Waterman obstructed the police in his case.

In November 2023, the trap is set to find Mr. Natauri in contempt. Judge Waterman orders him to pay amounts that she knows he cannot afford. Mr. Natauri moves for emergency relief because of his inability to afford the amounts ordered. Also this month, counsel moves to find Mr. Red in contempt. Mr. Blue attends the second contempt hearing. He again says that he has no job and no income. Judge Waterman finds Mr. Blue in contempt. Mr. Green attends the third contempt hearing. Judge Waterman does not advise him of his right to counsel. Judge Waterman finds Mr. Green in contempt. Judge Waterman declares **Mr. Brown** indigent.

In December 2023, counsel moves to find Mr. Natauri in contempt. Mr. Natauri attends a previously scheduled custody conference. Judge Waterman knows, but does not disclose, that she will conduct a contempt hearing. She does not advise him of his right to counsel. She asks him multiple times to admit to contempt. He requests counsel multiple times, which she ignores. She tells him, "I don't care what it feels like" after he says this feels like a contempt hearing. She declines his emergency motion, filed last month, seeking relief because of the amounts ordered. Eight Officers of the Court stay silent on Mr. Natauri's right to counsel.

In January 2024, Mr. Red attends the first contempt hearing. Judge Waterman does not advise him of his right to counsel. He says he cannot afford the amounts ordered. Judge Waterman finds Mr. Red in contempt. Also this month, Mr. Natauri files for bankruptcy protection. Judge Waterman, ignoring the bankruptcy stay, holds the second contempt hearing for Mr. Natauri. Judge Waterman finds Mr. Natauri in contempt and sets a purge condition.

In February 2024, counsel moves to hold **Mr. Yellow** and **Mr. Orange** in contempt. Also this month, Judge Waterman appoints an attorney to Mr. Natauri but after already having found him in contempt. She bypasses the Legal Aid Society to select an attorney that is *not* on the list of approved counsel for contempt matters. She selects the attorney that moved to hold Mr. Blue in contempt. She

holds a third contempt hearing for Mr. Natauri. **Judge Waterman issues a warrant for Mr. Natauri's arrest**.

In March 2024, Mr. Red attends the second contempt hearing. Judge Waterman does not advise him of his right to counsel. She asks him to admit to contempt. He requests time to obtain loans. Judge Waterman asks opposing counsel, "so, what do you want me to do?" Counsel tells Judge Waterman to incarcerate him. **Mr. Red is immediately arrested**. Judge Waterman commits him to 30-days at Rikers Island.

In April 2024, Mr. Orange attends the first contempt hearing. None of the other parties attend, pointing to *ex parte* interactions by Judge Waterman. Judge Waterman conducts a contempt hearing with only Mr. Orange present. She does not advise him of his right to counsel. Mr. Orange asks if he needs an attorney. Judge Waterman deflects: "It is always good to have an attorney when you go to court." Mr. Orange asks again for counsel. Judge Waterman replies, "not in this case." Judge Waterman orders him to file his defense of contempt without the assistance of counsel. Also this month, counsel moves to have **Dr. Wood** pay amounts that they know he cannot afford.

In May 2024, <u>Judge Waterman finds Mr. Yellow in contempt</u>. Also this month, Judge Waterman holds another contempt hearing for Mr. Natauri. <u>She prearranged for arresting officers to be present</u>. Mr. Orange makes his third request for counsel. Counsel moves to hold Mr. Brown in contempt.

In June 2024, Mr. Orange receives a response that Judge Waterman will discuss his request for counsel at the contempt hearing in September 2024. Also this month, opposing parties withdraw a motion against Mr. Red where his wrongful incarceration was their central argument, pointing to *ex parte* interactions by Judge Waterman. Mr. Brown attends the first contempt hearing. Judge Waterman does not advise him of his right to counsel.

In July 2024, Judge Waterman holds another contempt hearing for Mr. Natauri. She removes some, but not all, of the public from this hearing. This hearing is adjourned. Opposing parties knew, before the hearing, that it would be adjourned, pointing to *ex parte* interactions by Judge Waterman. Mr. Natauri files a motion to vacate contempt due to the deprivation of due process and his right to counsel. Judge Waterman declines to sign it. Also this month, the trap is set to find Dr. Wood in contempt. Judge Waterman orders him to pay amounts that she knows he cannot afford. Mr. Brown attends the second contempt hearing. Judge Waterman does not advise him of his right to counsel. Judge Waterman orders him to file his defense of contempt without the assistance of counsel.

In August 2024, the court administration is notified of these details of Judge Waterman's alleged misconduct. *NBC News* publishes two segments, seen <u>here</u> and <u>here</u>, about these allegations.

In September 2024, counsel moves to find Dr. Wood in contempt. Judge Waterman adjourns the second contempt hearing for Mr. Orange. Mr. Brown makes his first request for counsel.

In October 2024, Dr. Wood attends two contempt hearings. Judge Waterman does not advise him of his right to counsel. <span style="color:red">Dr. Wood files for bankruptcy protection. Judge Waterman, ignoring the bankruptcy stay, orders him to file his defense of contempt without the assistance of counsel.</span> Mr. Brown makes his second request for counsel.

In November 2024, <u><span style="color:red">Judge Waterman, ignoring the bankruptcy stay, finds Dr. Wood in contempt</span></u>. Also this month, <u>Judge Waterman finds Mr. Brown in contempt</u>.

**In January 2025, Judge Waterman is transitioned off of the matrimonial part and hundreds of her divorce cases are reassigned to two new incoming judges.**

In February 2025, the federal bankruptcy court determines that Judge Waterman and counsel *willfully* violated the bankruptcy stay by continuing enforcement actions against Dr. Wood.