Tiku Natauri
Ch. 7: 24-10092-mg

January 8, 2026

Chief Judge Martin Glenn
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

**re: Reopen the bankruptcy case**

Dear Hon. Glenn,

I am the Debtor in 24-10092-mg. I am no longer represented by counsel. I respectfully request the reopening to address the following items. Most importantly, reopening will increase recovery by creditors.

i. Add creditors;
ii. Recover additional assets;
iii. Void *ab initio* a finding of contempt; and
iv. Correct the record.

In further support, it appears that this Court has always reopened cases when there was the possibility of additional assets being recovered for the estate. Also, another case was reopened to add creditors earlier this week (see *In re: Tracy Lynn Inokon*). I am informed that under these circumstances no filing fee is required.

**i.    Add creditors**

Like in *Inokon*, I inadvertently omitted three non-priority creditors – Chubb Insurance, The Law Office of Thomas Torto, United Ford. Some have been attempting to collect on their alleged debts. 18.11 U.S.C. § 523(a)(3) seems to suggest that if an unlisted creditor did not have notice or actual knowledge of the bankruptcy case on or before the bar date, the debt is not discharged (see *In re Sklar*, 626 B.R. at 772). Therefore, I would like to add these creditors, so that their debts may be properly discharged. In addition, since I believe the estate is due assets, all creditors should have the opportunity to participate in any possible distribution.

**ii.    Recover additional assets**

I now know that multiple parties violated the automatic stay. I am informed that it is well-settled that an award of financial damages is mandatory in those instances. Those assets are the property of the estate, and therefore the creditors stand to financially benefit by reopening the case.

**iii.    Void *ab initio* a finding of contempt**

I am now aware that this Court can restrain pre-petition civil contempt matters and void those orders. I respectfully incorporate by reference the bankruptcy matters of Dr. Sanjay Om Tewari (22-10465, 22-01086) and Dr. William Curtis Wood (24-11718).

This Court adjudicated the matter of Dr. Tewari while Hon. David S. Jones adjudicated the matter of Dr. Wood. Both cases resulted from improper, mathematically impossible, orders by New York matrimonial judge Hon. Kathleen Waterman-Marshall.

I am another litigant forced into bankruptcy by Hon. Waterman-Marshall. There are others. *In re: Darryl D. Humphreys* (23-10313) and *In re: Splashlight Holding LLC* (25-10277) also arise from her matrimonial orders.

This Court and another esteemed jurist found her conduct to have violated federal law:

- In 2022, this Court found that the law firm of Blank Rome and Hon. Waterman-Marshall violated the stay by continuing contempt matters against Dr. Tewari.

- Last year, Hon. Jones found that the law firm of Lee Anav Chung White Kim Ruger & Richter and Hon. Waterman-Marshall violated the stay by continuing contempt matters against Dr. Wood.

**Hon. Jones found that the violation was *willful*.** His decision further stated that [emphasis added]:

> "If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*." *Id*. at 215 (quoting *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001)). **"[A]n act entered in violation of the stay is void whether or not a party makes a motion to declare it so**." *Id*. at 212 (citing *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc.* (*In re 48th St. Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987)) … "Ordinarily, the *Rooker Feldman* doctrine bars lower federal courts from reviewing state court decisions. However, there is an exception to this doctrine. A bankruptcy court can 'override' a state court judgment if the state court judgment is void *ab initio*." *Id*. At 213 (citing *In re Dabrowski*, 257 B.R. 394, 405-06 (Bankr. S.D.N.Y. 2001)).

The facts show that Hon. Waterman-Marshall violated federal law a third time and did so *with knowledge and intent*. She filed for personal bankruptcy. *Twice*. She practiced as an attorney in bankruptcy matters. In one case, she argued against violations of the stay. So, by January 2024 when she found me in contempt, Hon. Waterman-Marshall:

- Ignored her personal knowledge of federal law;
- Ignored her professional knowledge of federal law;
- Ignored her professional knowledge specifically of the automatic stay;
- Ignored this Court's finding in 2022 that her actions violated federal law; and
- Ignored the notice that I had filed for bankruptcy.

### iv.    Correct the bankruptcy record

There appear to be meaningful errors in the bankruptcy record. I am informed that these errors, if uncorrected, can be prejudicial when additional assets are recovered. Here is one example.

The Final Account significantly overstated the debts by including the same creditor multiple times.[1]

---

[1] ECF 57.

The TFR lists **$6,326,520.98** in possible claims:



The actual debts filed were **$2,203,373.48**.[2]

It appears that multiple creditors are listed multiple times. Balestriere Fariello and Bank of America were owed $20,220.88 and $75,345.63:[3]



But the ledger reflects these amounts in triplicate (along with the Barclays' debt, which is also noted in triplicate):[4]

---

[2] ECF 31.
[3] ECF 28, page 3.
[4] ECF 57, page 8.

As seen, these issues significantly overstated the claims against the estate.

## Conclusion

With respect, I ask that this Court reopen the matter. I hope this notice provides sufficient, credible information to support reopening the case. I believe doing so is in the estate's and my best interest while being prejudicial to no one. On the other hand, declining to reopen the case would deprive creditors of additional recovery while also significantly prejudicing my rights.

Thank you for your time.

All rights and remedies are expressly reserved.

I affirm this 8th day of January 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

                                                   /s/ *Tiku Natauri*
                                                   TIKU NATAURI