UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

JUN - 1 2026

-------------------------------------------------------x

In re:

Tiku Govino Natauri, Case No. 1:24-bk-10092

Debtor.

-------------------------------------------------------x

AMICUS CURIAE SUBMISSION IN SUPPORT OF THE COURT'S
CONSIDERATION OF ATTACHED MATERIALS RELEVANT TO THE
CIRCUMSTANCES LEADING TO THE DEBTOR'S POSITION

To the Honorable United States Bankruptcy Judge Martin Glenn:

We respectfully submit this amicus curiae brief for the limited purpose of providing information
and context that may assist the Court in understanding certain circumstances that contributed to
the Debtor's present position and the broader conduct surrounding the matters before the Court.

Attached hereto as Exhibit A is a letter that was provided to the undersigned. We believe the
contents of that letter may be helpful to the Court's understanding of events and circumstances
relevant to the Debtor's financial and procedural posture.

In particular, the attached correspondence references concerning patterns of alleged misconduct
involving the law firm identified therein. We respectfully urge the Court to take notice of the
existence of such practices insofar as they may bear upon the credibility of representations,
litigation conduct, procedural fairness, and the equitable administration of these bankruptcy
proceedings.

This submission is offered as an amicus curiae brief because:

1.  The matters referenced in the attached materials may provide contextual information not
    otherwise fully presented in the record;
2.  Bankruptcy courts are courts of equity and benefit from a complete understanding of
    circumstances affecting both debtors and creditors;
3.  The issues raised concern not only the interests of the parties, but also broader concerns
    relating to professional conduct, procedural integrity, and public confidence in the
    administration of justice;
4.  The undersigned does not seek relief on behalf of any party, but instead seeks to assist the
    Court by identifying information that may be relevant to the Court's evaluation of the
    proceedings;

5. Consideration of the attached materials may aid the Court in assessing whether additional scrutiny, inquiry, or evidentiary development is appropriate.

This submission is not intended to assert factual findings, adjudicate disputed allegations, or improperly influence the Court, but rather to respectfully present materials that may assist the Court in carrying out its supervisory and equitable responsibilities.

WHEREFORE, the undersigned respectfully requests that the Court accept and consider this amicus submission and the attached Exhibit A in connection with the above-captioned matter.

Dated: May 26, 2026

Respectfully submitted,

/s/ New York Court Observers

**Exhibit A**

Letter dated April 28, 2026 Re: Complaint Regarding Deceptive and Unfair Billing Practices by Blank Rome LLP - Attached

**Date:** April 28, 2026

**Subject:** Complaint Regarding Deceptive and Unfair Billing Practices by Blank Rome LLP

**To:** Federal Trade Commission; New York State Division of Consumer Protection; Office of the New York State Attorney General

**From:** Alliance for Ethical Law Practice

We are submitting this complaint to report systemic deceptive and unfair billing practices by Blank Rome LLP in divorce and other litigation matters in New York State. We believe the conduct described below constitutes unfair or deceptive acts or practices affecting consumers, including in violation of Section 5 of the FTC Act.

Blank Rome regularly engages in a pattern of billing practices in divorce and other litigation matters that result in extreme and often unforeseeable financial harm to clients and, in some cases, opposing spouses/parties. Legal fees frequently escalate into the hundreds of thousands or even millions of dollars, often without clear, advance disclosure of how such costs may accumulate. Consumers entering matrimonial litigation are often in vulnerable positions and lack the ability to anticipate or mitigate these financial risks.

Blank Rome and its Partners regularly:

- Fail to provide clear, upfront disclosures regarding the realistic total cost of representation in complex matrimonial proceedings and other litigation matters

- Engage in billing practices that include excessive staffing (including multiple partners and/or associates on a matter), duplicative work, or unnecessary litigation activity

- Intentionally prolong litigation, thereby increasing billable hours and total fees

- Provide invoices that are difficult for clients to meaningfully evaluate or challenge

- Contribute to severe financial consequences, including depletion of marital assets in divorces and, in some cases, bankruptcy filings by clients or opposing parties

These practices result in substantial financial harm to consumers, including:

- Rapid and unexpected escalation of legal costs

- Loss of marital estates that would otherwise be subject to equitable distribution

- Long-term financial instability or insolvency

The conduct described herein falls within the jurisdiction of the Federal Trade Commission, as it involves: (i) deceptive omissions concerning pricing and cost expectations, and (ii) unfair practices that cause substantial consumer injury that is not reasonably avoidable by consumers.

1

Federal bankruptcy courts in New York, for example, have encountered multiple matters involving Blank Rome's aggressive litigation and billing practices, raising broader concerns regarding systemic financial harm to litigants and related parties. In such cases, legal costs were often inadequately disclosed, not explicitly authorized, and resulted in conduct that may be characterized as deceptive, unfair, and unconscionable in violation of various laws, including the FTC Act.

Such practices further constitute a breach of the covenant of good faith and fair dealing and result in the unjust enrichment of Blank Rome through misconduct.

Blank Rome has knowingly and recklessly engaged in unfair and deceptive acts and practices by misrepresenting the existence, nature, and extent of the fees it would charge and collect. In one matter before the Honorable Martin Glenn, Blank Rome billed approximately $270,000 in bankruptcy-related fees for representing the wife of a spouse who was forced to file for bankruptcy, arising from a divorce proceeding in which Blank Rome had already billed in excess of $700,000 representing the wife. Blank Rome represented to its client, a mother of three, that the opposing spouse would be responsible for all such fees, including the bankruptcy-related charges. Ultimately, however, Blank Rome's client was required to bear the bankruptcy costs, underscoring the materiality and resulting harm of Blank Rome's misrepresentations.

Blank Rome's practices reflect a deliberate and systemic pattern of deception and overreaching, not isolated error. By misrepresenting who would bear escalating legal fees and obscuring the true financial consequences of its representation, Blank Rome induced client reliance while shifting substantial and foreseeable costs onto those least able to absorb them. This conduct is precisely the type of unfair and deceptive practice the FTC Act is intended to prohibit. Absent meaningful intervention, such practices will continue to erode consumer protections, undermine the integrity of the legal system, and impose devastating and unnecessary financial harm on vulnerable individuals.

/ Alliance for Ethical Law Practice /

CC:

Daniel Schlanger, Schlanger Law Group

Jeffrey Benjamin, The Linden Law Group

Carl Stine, Wolf Popper

Salvatore LaMonica, LaMonica Herbst & Maniscalco

Steven Goldfeder & Morgan Mouchette, Blank Rome LLP

Steven Lerner, Law360

2